**SHAW, Banking Com'r, v. HEAD et al.**

**No. 1295.**

Court of Civil Appeals of Texas. Waco.

Dec. 8, 1932.

John W. Goodwin and J. H. Brown, both of Austin, for appellant.

Tirey & Tirey, of Waco, for appellees.

BARCUS, J.

On September 24, 1931, appellant obtained judgment in the district court of Bosque county against J. P. Head for $4,000, the amount due by him for an unpaid subscription to stock in the state bank of Walnut Springs, the subscription to said stock having been made on December 20, 1929. An abstract of said judgment was duly recorded in Bosque county on October 16, 1931. On November 20, 1931, execution was issued on said judgment and levied upon lots 11 and 12, in block 2 of the town of Walnut Springs as the property of appellee J. P. Head. On December 31, 1931, this suit was instituted by appellees J. P. Head and R. G. Head against the sheriff of Bosque county and James Shaw, Banking Commissioner of Texas, to restrain the sale of said property under and by virtue of said execution, R. G. Head claiming title to the property and J. P. Head claiming the property as his business homestead. The cause was tried to the court and resulted in a permanent injunction being issued restraining the sale of said property. The banking commissioner alone appeals.

The record discloses that J. P. Head was 76 years of age, had lived many years in Walnut Springs, and been in the service of the railroad company, from which employment he retired May 1, 1930. He owned lots 11 and 12, the property in controversy, on which about 1925 he built a business house and rented same to Carlton Bros. by the month and said tenant conducted a mercantile business in said property. At different times beginning in 1929, prior to the time J. P. Head retired from the railroad service in May, 1930, he discussed with Carlton Bros. the question of opening a rental and insurance business, using a portion of the building for his office, and they agreed thereto. At the time of his retirement from the railroad service, J. P. Head was in very poor health and he devoted some months at health resorts to regain his strength. In the fall of 1931 he opened his real estate and insurance business and occupied a portion of said building as his office and place of business. On December 2, 1929, J. P. Head by general warranty deed conveyed the property in question to his son, R. G. Head, retaining and reserving to himself for the period of his natural life the income and rents and use of said property.

The trial court did not file its separate findings of fact and conclusions of law. In its judgment, however, it found that the deed from J. P. Head to his son, R. G. Head, on December 2, 1929, conveyed title to R. G. Head, free of all claims of every nature except the income, rents, and use of said property which was reserved in said deed by J. P. Head for his benefit during his natural life; that J. P. Head was the head of a family and resided in Walnut Springs and

was entitled to a business homestead and had about May 1, 1930, impressed the property in controversy, together with the improvements thereon, as his business homestead.

Appellant, by proper pleading, raised the issue and in this court contends that the conveyance by J. P. Head to his son, R. G. Head, on December 2, 1929, was void under and by virtue of article 3997, Revised Statutes, which article provides that every gift of property shall be void as to prior creditors. Appellant's contention is that the state bank of Walnut Springs, which was being liquidated by him, had notes and claims against J. P. Head that were due and payable prior to said date, and that, for said reason, said deed was as to the bank void. While there is some testimony tending to show that at the time J. P. Head executed the deed to his son, R. G. Head, he was indebted to said bank, no effort had been made to collect said debts, no suit had been brought thereon and J. P. Head testified that he was not in fact indebted to said bank. The judgment which appellant obtained against J. P. Head and on which the execution in question was issued, was on a claim that accrued after said deed was executed and delivered and said statute is not therefore applicable. Appellant is not entitled to have said deed declared void on an allegation that it holds a debt which was in existence prior to the time it was executed and delivered in the absence of an allegation and proof that it was attempting in some way to enforce the collection thereof.

Appellant further contends that there was no evidence to support the trial court's finding that J. P. Head had impressed his life estate in said property as his business homestead. We overrule this contention. Under the record we think the evidence is sufficient to support the trial court's finding on this issue.

We have examined all of appellant's assignments of error and same are overruled. The judgment of the trial court is affirmed.